IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RACHAEL OQUENDO, et al, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.  08-0032  (RBW) |
| ) | |
| ) | |
| Mr. PETE GEREN, ) | |
| Secretary of the Army ) | |
|     Defendant. ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO VACATE THE ORDER GRANTING IN FORMA PAUPERIS STATUS**

**I.  INTRODUCTION**

    This is a Title VII employment discrimination action brought against the Secretary of the Army.  The three named Plaintiffs were employees of the Patient Administration Division (PAD) at the Walter Reed Army Medical Center (WRAMC). [1]  Ms. Oquendo is, and Ms. Alago-Toro was, a GS-05 Medical Record Technician.  Plaintiff Rucker is a YA-01 Supervisory Records Technician and was the first-level supervisor over Ms. Alago-Toro.  She remains Ms. Oquendo's first-level supervisor.

    In bringing this lawsuit, each "Plaintiff" purportedly[2] moved to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. §1915. (R. # 3, 4, 5).  This Court granted these requests on January 2, 2008. (Order entered 1/15/2008 referencing R.  # 3, 4, 5).  Defendant filed a motion on March 17, 2008, seeking to vacate the Order granting Plaintiffs' IFP status and to stay

---

[1] Ms. Alago-Toro's last duty day at WRAMC was Friday, March 21, 2008.  Her departure from WRAMC is based on her seeking and receiving a reassignment to another local federal agency.

[2] A subsequent filing by Ms. Alago-Toro (R. # 14) alleges that Ms. Alago-Toro did not submit an IFP application and affidavit and raises doubts about whether Ms. Oquendo did either. Plaintiff Rucker appears to confirm that in the Opposition. ("The facts speak for them selves (sic) which I Linda Rucker as the spokes person (sic) for the group did the declaration of salary").  (R. #13 at 1.)

Defendant's Answer pending resolution of the IFP applications. (R. #10). The Court granted Defendant's Motion to Stay its Answer and ordered Plaintiffs to respond and clarify their IFP status. (R. #11). On March 24, 2008, "Plaintiff" filed an Opposition to Defendant's Motion to revoke IFP status. (R. # 13.)[3] This Opposition confirms that Plaintiffs did not list their gross income on their IFP applications but otherwise fails to clarify Plaintiffs' financial status. On March 27, 2008, Ms. Alago-Toro separately filed a Declaration with the Court (R. #14) stating that she did not prepare or sign the IFP application submitted to the Court bearing her name and that it contained "false information about my income and assets." Ms. Alago-Toro further explained that she never intended to be a party to the pending lawsuit, and she wants "nothing to do with this case and want [her] name removed from it." (R. #14, at 1).

Defendant seeks dismissal of all Plaintiffs and all causes of action for the reasons set forth below.

## II. ARGUMENT.

**A. Ms. Alago-Toro Should Be Dismissed as a Party.**

Ms. Alago-Toro alleges that Plaintiff Rucker told her that she (Alago-Toro) was only participating in this case as a witness and Plaintiff Rucker presented her with only the last page of several court documents for her signature. (R. # 14, at 1-2). Ms. Alago-Toro states that she realizes "that I should not sign documents I haven't read but felt pressured by Ms. Rucker, my first line supervisor, to do so." (Id. at 2). Ms. Alago-Toro further explains that the she did not sign or authorize anyone else to sign the IFP application purporting to bear her signature and

---

[3] The signature block for Ms. Oquendo on Plaintiffs' Opposition actually states, "Linda Rucker 1/31/08 for Ms. Rachel Oquendo." A review of the Complaint and other documents submitted to the Court indicate that Plaintiff Rucker appears to have signed most of the documents in this case. This practice violates the signature requirements of Fed. R. Civ. P. 11(a), as discussed below at Section II.B.

that she "want[s] to put on record that I want nothing to do with this case and want my name removed from it." (R. #14, at 1).

Taking Ms. Alago-Toro's Declaration at face value, she did not originally, and does not currently, wish to be a party to this lawsuit. She also makes no attempt to defend the IFP application bearing her name, and instead alleges that document to be a forgery containing false information. Based on this information, the Court should dismiss Ms. Alago-Toro from this suit.

**B.  Plaintiffs' Joint Opposition is Ineffective With Respect to Alago-Toro and Oquendo.**

The Opposition provided to the Court was expressly disavowed by Ms. Alago-Toro in her subsequent filing, and was not properly signed by Ms. Oquendo as required by Fed. R. Civ. P. 11(a). Accordingly, the Opposition should only speak for Plaintiff Rucker. Ms. Alago-Toro signed the Opposition (R. #13), but she maintains in her subsequently-filed Declaration that Plaintiff Rucker only presented her with the last page of this document to sign. (R. #14.) Ms. Alago-Toro also explicitly states that Plaintiff Rucker does not have any authority to speak on her behalf, and "she [Plaintiff Rucker] has submitted documents to the court without my knowledge and given false information about my income and assets." (Id.) Based on Ms. Alago-Toro's explicit desire not to be a party and her accusation that the underlying IFP application is not hers, the Court should disregard the Opposition with respect to Ms. Alago-Toro.

The Opposition also should not speak for Ms. Oquendo since she did not sign the document as required by Fed. R. Civ. P. 11(a). The signature block for this document reads, "Linda Rucker for Rachel Oquendo." A review of the filings in this case indicates that Plaintiff

Rucker signed several documents on behalf of Ms. Oquendo. (R. #1).  Fed. R. Civ. P. 11(a) requires every pleading, written motion, and other paper submitted to the court to be signed either by an attorney of record, or the party.  The documents, which Plaintiff Rucker signed "for" Ms. Oquendo, including the Opposition and the Complaint itself, fail to meet the signature requirements of Rule 11(a).  The Defendant has attempted to get Ms. Oquendo to ratify or reject her IFP application and clarify her status as a Plaintiff in this case.[5]  Absent Ms. Oquendo's personal ratification, the Court should deny her IFP application and dismiss Ms. Oquendo from this suit.

**C. The Opposition Fails to Address the Merits of the Defendant's Motion**

The Court directed Plaintiffs to respond to Defendant's Motion to Revoke IFP status and explained that Plaintiffs' Complaint would be dismissed if the Court determined that their allegations of poverty were untrue. (R. #11, at 1-2 and FN 1).  Plaintiffs' Opposition fails to address the allegations raised in Defendant's Motion that the income and assets listed in Plaintiffs' IFP applications were inaccurate and incomplete.  Instead, Plaintiffs' Opposition speaks of Plaintiffs' finances in vague terms and bolsters Defendant's contention that the financial information in Plaintiffs' IFP affidavits are incomplete and inaccurate.  For example, in responding to Defendant's statement that Plaintiff did not appear to list their gross income as required on the IFP application, Plaintiffs' Opposition states that the IFP applications "did not count annual salary, annual salary will always remain standard.  However I could not count money we don't have, which came down to our take home salary.  I really don't see how the

---

[5] Army attorney, Mr. Brian Bohlen, attempted to notify Ms. Oquendo telephonically of the Rule 11(a) signature deficiency by phone at her work and home phone numbers on the afternoon of March 31, 2008.  She was absent from the office and an automated response on her home phone indicated that she was not able to receive calls at this time. He left a message at her place of work and has not heard back.

US Attorney can turn the pennies we make into a finance matter." (R. #13 at 1.) The Opposition also failed to address any the other financial issues raised in Defendant's Motion such as whether any Plaintiffs owned a car or a house, had money in their bank accounts, had received income from a spouse or outside source, or had any additional assets.[6] Simply put, the Opposition accepts the Defendant's listing of Plaintiffs' gross income and does not respond to the other financial issues raised in Defendant's Motion. The Opposition fails to provide any information, which could reasonably lead the Court to conclude Plaintiffs were unable, at the time they instigated this suit, to "both provide [themselves] with the necessities of life and pay the costs of litigation." 28 U.S.C. § 1915(a). Under such circumstances, dismissal is warranted under 28 U.S.C. §1915(e) (2).[7]

### III. CONCLUSION

For the reasons stated above, Plaintiffs' IFP status should be revoked and their Complaint should be dismissed, as well as whatever additional relief this Court deems appropriate.

---

[6] In this Opposition, Plaintiff Rucker indicate she submitted the IFP applications for all three plaintiffs ("The facts speak for them selves (sic) which I Linda Rucker as the spokes person (sic) for the group did the declaration of salary.") (R. #13). The Opposition also indicates that Plaintiff Rucker did not know the true financial status of Ms. Algo-Toro and Ms. Oquendo at the time she filed the IFP applications and affidavits. ("Ms. Algo-Toro is divorced, Ms. Oquendo is married however I am not privy to that information & I am divorced with a freshman in college"). (Id.) With respect to Plaintiff Rucker, who appears to have written and signed the Opposition, Defendant's Motion indicated that Plaintiff Rucker earned nearly $50,000 per year in gross income, which appeared inconsistent with Plaintiff Rucker's claimed "pauper" status. Defendant also noted that Plaintiff Rucker's gross bi-weekly pay was more than twice the $900 amount she listed on her IFP application. (R. #10, at 4). Defendant noted that payroll records indicated that Plaintiff Rucker directs a $327 allotment to a bank account each pay period, and that this bi-weekly transfer appeared inconsistent with Rucker's claim on her IFP application that she had no assets of value (house, car, accounts, etc.) and a zero balance in all bank accounts. (Id.) Plaintiff Rucker failed to address any of these issues in the Opposition.

[7] Defendant takes no position at this time as to whether further action by the Court is appropriate in light of MS. Algo-Tora's allegation of misconduct against Ms. Rucker.

                                             Respectfully submitted,

                                             /s/
                                             JEFFREY A. TAYLOR, D.C. Bar # 498610
                                             United States Attorney

                                             /s/
                                             RUDOLPH CONTRERAS, D.C. Bar # 434122
                                             Assistant United States Attorney

                                             /s/
                                             BRIAN C. BALDRATE
                                             Special Assistant United States Attorney
                                             Civil Division
                                             555 Fourth St., N.W.
                                             Washington, D.C. 20530
                                             202-353-9895
                                             Attorneys for Defendants

Of Counsel:
R. Brian Bohlen
U.S. Army Litigation Division

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 1, 2008, I served a copy of the foregoing Reply to the Plaintiff's Opposition to the Defendant's Motion to Vacate the Order Granting Plaintiffs' In Forma Pauperis Status by first class mail, postage pre-paid, on the following Plaintiffs at the address listed below:

RACHEL OQUENDO
10140 Avenel Garden
Silver Spring, MD 20903

ANA ALGA-TORO
695 Americana Drive
Annapolis, MD 21403

LINDA RUCKER
18726 Walker Choice Road #2
Gaithersburg, MD 20886

>            /s/
> BRIAN C. BALDRATE
> Special Assistant United States Attorney
> Civil Division
> 555 Fourth St., N.W.
> Washington, D.C. 20530
> 202-353-9895