UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **RACHEL OQUENDO *et al.*,** | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 08-0032 (RBW) |
| **PETE GEREN,**[1] **Secretary of the Army,** | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Three applications to proceed *in forma pauperis* in pursuing this *pro se* complaint against the plaintiffs' employer were filed with the court. Because the record in this case establishes that the applications of poverty are untrue, at least in some substantial part, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A) and, because the record establishes that plaintiff Linda Rucker knowingly made false statements in her applications to proceed *in forma pauperis*, the complaint will be dismissed with prejudice as to Rucker.

**Factual Background**

This court received and granted three applications to proceed *in forma pauperis* that were purported to have been filed and signed by Rachel Oquendo, Ana Alago-Toro,[2] and Linda Rucker individually as *pro se* plaintiffs. The defendant filed a motion to vacate the order granting *in*

---

[1] The defendant's name was misspelled in the complaint and on the docket as "Green," and has been corrected here.

[2] This plaintiff's name was spelled incorrectly in the application and the complaint, and is therefore entered on the court's docket with the incorrect spelling. The correct spelling, used here, came to light only when Ms. Alago-Toro filed her declaration, three months after the case was filed.

*forma pauperis* status and supported his motion with a sworn statement and documentation that raised serious doubt that the information submitted under penalty of perjury on the *in forma pauperis* applications was accurate. Plaintiffs were ordered to respond to the defendant's motion. Oquendo did not personally file any response at all with the court.[3] Rucker's response acknowledged that she "as the spokes person for the group did the declaration of salary." Response to US Attorney Motion to Vacate Order on Motion to Proceed in Forma Pauperis . . . at 1. Alago-Toro responded in the form of a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. In her declaration, Alago-Toro states that she had never before seen the application to proceed *in forma pauperis* that was filed in her name some months earlier; that she did not sign the application and does not know who did; that she had not understood that she was a plaintiff in a lawsuit against her employer; that she did not authorize Rucker to proceed on her behalf; and that she "does not want any part of it." She further attests that Rucker

> has submitted documents to the court without my knowledge and given false information about my income and assets. I have never given her this information nor did she even ask for any. I want to put on the record that I want nothing to do with this case and want my name removed from it.

Decl. Ana Alago-Toro, March 21, 2008. Rucker has not disputed any of the statements Alago-Toro made in her declaration.

---

[3] In fact, a review of the record reveals nothing that appears to be a signature executed personally by Oquendo on any submission filed in this case. Federal Rule of Civil Procedure 11(a) requires an unrepresented party to personally sign any document filed with the court. The defendant noted this requirement in his Reply at 2 n.3, filed April 3, 2008. Rucker nonetheless continues to sign "for" Oquendo on all court documents. Under these circumstances, the court has no assurance that Oquendo even knows she is a plaintiff in this lawsuit.

**Legal Analysis**

Federal law provides that where a plaintiff has made an application to proceed *in forma pauperis,* "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Because the statute uses the command "shall," dismissal is mandatory in the face of untrue allegations of poverty. *See Johnson v. Spellings,* 579 F. Supp. 2d 188, 191 (D.D.C. 2008) (stating that the complaint "must" be dismissed where the court has determined that the allegation of poverty is untrue); *Thomas v. Gen'l Motors Acceptance Corp.,* 149 F. Supp. 2d 495, 497 (N.D. Ill. 2001) (noting that the statute "mandates" dismissal); *Portis v. Geren*, Civil Action No. 1:06-CV-1510, 2007 WL 2461799, *2 (M.D. Pa. Aug. 23, 2007) (referring to "the mandatory language" of the statute). Where the applicant has intentionally misled the court, the dismissal may be with prejudice. *Mathis v. New York Life Ins.*, 133 F.3d 546 (7th Cir. 1998) (*per curiam*) (affirming dismissal with prejudice where court concluded that the plaintiff had knowingly provided inaccurate information on his application to proceed *in forma pauperis*); *Thomas v. Gen'l Motors Acceptance Corp.*, 288 F.3d 305 (7th Cir. 2002) (same); *Attwood v. Singletary,* 105 F.3d 610, 612-13 (11th Cir.1998) (*per curiam*) (same); *Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir.1990) (same); *Thompson v. Carlson,* 705 F.2d 868 (6th Cir.1983) (per curiam) (same).

Federal law, pursuant to Federal Rule of Civil Procedure 11, also requires an unrepresented party to personally sign any papers filed with the court, and requires the court to strike from the record any filing not personally signed by the party. Fed. R. Civ. P. 11(a). Rule 11 also provides that by filing a paper with the court, a *pro se* party "certifies that to the best of

the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b)(3).

On this record, it is undisputed that Rucker made false statements regarding the allegations of poverty at least with respect to her own net income and the financial information about Alago-Toro, a violation of 28 U.S.C. § 1915(e)(2)(A), requiring the dismissal of this case. It is undisputed that Rucker made her false statements about Alago-Toro's financial information knowing that they were not based on any factual inquiry.  Further, it is undisputed that Rucker forged Alago-Toro's signature on papers filed with the court, a violation of Federal Rule of Civil Procedure 11(a).  Moreover, it is undisputed that Rucker falsely certified that the information she was filing was based on a reasonable inquiry under the circumstances, a violation of Federal Rule of Civil Procedure 11(b)(3).  Accordingly, in accord with the mandate of 28 U.S.C. § 1915(e)(2)(A), the complaint will be dismissed and, because Rucker's misrepresentations were knowing, the complaint will be dismissed with prejudice as to Rucker.

### Conclusion

Because the undisputed evidence in the record shows that the applications to proceed *in forma pauperis* were based on inaccurate statements that Rucker made knowingly, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A), and will be dismissed with prejudice as to Linda Rucker.  A separate final order issued this same date accompanies this memorandum opinion.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　　　　REGGIE B. WALTON
Date:  January 27, 2009　　　　　　　　　　　　　United States District Judge